## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE TIMOTHY C. STANCEU, CHIEF JUDGE**

| | |
|---|---|
| WORLDWIDE DOOR COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE and ENDURA PRODUCTS, INC., <br><br> Defendant-Intervenors. | Court No. 19-00012 |

### PLAINTIFF'S COMMENTS IN SUPPORT OF COMMERCE'S THIRD REMAND REDETERMINATION

JOHN M. FOOTE
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

**Counsel to Worldwide Door Components, Inc.**

**September 26, 2022**

## TABLE OF CONTENTS

**Page**

I. HISTORY OF THE PROCEEDING ................................................................... 1

II. THE DEPARTMENT FULLY COMPLIED WITH THE COURT'S REMAND ORDER AND DETERMINES THAT THE DOOR THRESHOLDS ARE FINISHED MERCHANDISE EXCLUDED FROM THE ORDERS' SCOPE ....................................................................................... 4

    A. The Department Made Findings of Fact that Justify the Application of the "Finished Merchandise" Exclusion to Worldwide's Door Thresholds ............................................................................................... 4

    B. The Department's Legal Conclusion that Worldwide's Door Thresholds are Excluded from the Scope of the Orders as Finished Merchandise Should be Sustained ............................................................. 6

III. CONCLUSION .................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

United States Steel Group v. United States,
   96 F.3d 1352 (Fed. Cir. 1996) ...................................................................................4

Worldwide Door Components, Inc. v. United States,
   466 F. Supp. 3d 1370 (Ct. Int'l Trade 2020) ("Worldwide Door I") ........................2

Worldwide Door Components, Inc. v. United States,
   537 F. Supp. 3d 1403 (Ct. Int'l Trade 2021) ("Worldwide Door II") ......................3

Worldwide Door Components, Inc. v. United States,
   Ct. No. 19-00012, Slip Op. 22-91, 2022 Ct. Intl. Trade LEXIS 93
   (Aug. 10, 2022) ("Worldwide Door III") ..............................................................1, 3

**Statutes and Regulations**

19 U.S.C. § 1516a(b)(1)(B)(i)..............................................................................................4

**Administrative Determinations**

Aluminum Extrusions from the People's Republic of China,
   76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) ("AD Order") ........................... *passim*

Aluminum Extrusions from the People's Republic of China,
   76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) ("CVD Order") ........................ *passim*

Final Results of Redetermination Pursuant to Court Remand:
   (Dep't Commerce Dec. 23, 2020) (ECF No. 64) (First Remand P.R. 12)
   ("First Remand Results")....................................................................................2, 3

Final Results of Redetermination Pursuant to Court Remand:
   (Dep't Commerce Dec. 13, 2021) (ECF No. 85-1) (Second Remand P.R. 4)
   ("Second Remand Results") ................................................................................3

Final Results of Redetermination Pursuant to Court Remand:
    (Dep't Commerce Dec. 13, 2021) (ECF No. 101-1) (Third Remand P.R. 4)
    ("Third Remand Results") ............................................................................................... *passim*

These comments are filed on behalf of Worldwide Door Components, Inc. ("Worldwide" or "Plaintiff") in support of the U.S. Department of Commerce's (the "Department" or "Commerce") Final Results of Redetermination Pursuant to Court Remand dated Sept. 9, 2022 (ECF No. 101-1) (Third Remand P.R. 4) ("Third Remand Results").[1] In its third redetermination pursuant to the court's remand order in Worldwide Door Components, Inc. v. United States, Ct. No. 19-00012, Slip Op. 22-91, 2022 Ct. Intl. Trade LEXIS 93 (Aug. 10, 2022) ("Worldwide Door III"), the Department continues to find that Worldwide's door threshold assemblies ("Door Thresholds") are excluded from the scope of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China as finished merchandise. See Aluminum Extrusions from the People's Republic of China, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) (antidumping duty order) ("AD Order"); Aluminum Extrusions from the People's Republic of China, 76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) (countervailing duty order) ("CVD Order") (collectively, "Orders"). Because the Department complied with this Court's remand order in Worldwide Door III, made findings of fact supported by abundant record evidence, and reached correct conclusions of law based on those well-supported factual findings, the Third Remand Results should be upheld.

## I. HISTORY OF THE PROCEEDING

On August 23, 2017, following the publication of the Orders, Worldwide requested a scope ruling for eighteen models of door threshold assemblies in seven product categories. See Letter to Sec'y Ross, Re: "Request for a Scope Ruling Finding that Certain Fully Assembled

---

[1] Documents in the administrative record are cited by their confidential and/or public record number (i.e., "(PR __)"), the remand administrative record (i.e., "(Remand PR __)"), the second remand administrative record (i.e., "(2nd Remand PR __), or the third remand administrative record (i.e., "(3rd Remand PR __)") provided in the Index to the Administrative Record and Index to the Remand Records filed with the Court on Apr. 1, 2019 (ECF No. 27), Jan. 6, 2021 (ECF No. 66), Mar. 20, 2021 (ECF No. 79), and Sept. 23, 2022 (ECF No. 102) respectively.

Door Thresholds from the People's Republic of China are Not Subject to the Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China," dated Aug. 3, 2017 at Ex. A (P.R. 1) ("Scope Ruling Request").  The Department found that the Door Thresholds were covered by the Orders' scope, because the aluminum extrusion components fell within the Orders' description of subject merchandise and declined to consider whether the Door Thresholds were covered by the "finished merchandise" exclusion to the Orders.  See generally Memorandum to James Meader from Michael J. Heaney, Re: "Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Rulings on Worldwide Door Components, Inc., MJB Wood Group Inc., and Columbia Aluminum Products Door Thresholds," dated Dec. 19, 2018 (P.R. 36) ("Scope Determination").

On January 18, 2019, Worldwide commenced the present action to contest the scope ruling.  See Summons, Jan 18, 2019 (ECF No. 1); Compl., Feb. 19, 2019 (ECF No. 13).  On December 23, 2020, this Court issued its opinion in Worldwide Door Components, Inc. v. United States et al., 466 F. Supp. 3d 1370 (Ct. Int'l Trade 2020) ("Worldwide Door I"), holding that the Department erred in its interpretation of the scope language and ordering that the Department consider whether the Door Thresholds satisfy the requirements of the "finished merchandise" exclusion from the Orders' scope.  Worldwide Door I, 466 F. Supp. 3d at 1379.

On December 23, 2020, the Department filed its Redetermination Pursuant to Court Remand Order.  See Final Results of Redetermination Pursuant to Remand; Worldwide Door Components, Inc. v. United States, Ct. No. 19-00012 (Dep't Commerce Dec. 23, 2020) (Remand P.R. 12) (ECF No. 64) ("First Remand Results").  Again, the Department found that Worldwide's Door Thresholds fell within the Orders' scope.  See generally id.  Under protest,

the Department evaluated whether the "finished merchandise" exclusion applies, as previously instructed. Id. at 23. However, the Department reached a factual conclusion in conflict with record evidence, prompting the Court, again, to remand and order the Department to re-examine the record evidence. See generally Worldwide Door Components, Inc. v. United States, 537 F. Supp. 3d 1403, 1409-14 (Ct. Int'l Trade 2021) ("Worldwide Door II").

On December 13, 2021, the Department issued its Second Remand Results. See Final Results of Redetermination Pursuant to Court Remand; *Worldwide Door Components, Inc. v. United States*, Ct, No. 19-00012 (Dep't Commerce Dec. 13, 2021) (ECF No. 85-1) ("Second Remand Results"). On review of the record evidence, the Department concluded, albeit under protest, that Worldwide's Door Thresholds fall outside of the Orders' scope as finished merchandise and indicated that it "will issue a revised scope ruling accordingly." Id. at 10-12, 14-16 (ECF No. 85-1). The Court, in Worldwide Door III, faulted the Department for not issuing a determination or scope ruling that the Court could uphold and also for "presenting no reasoning" for concluding that the Door Thresholds were outside of the Orders's scope, "other than its incorrect conclusion that the court ordered Commerce to do so." Id. Slip Op. 22-91 at 17-18, 2022 Ct. Intl. Trade LEXIS 93, at *19-20. Because the Department misinterpreted the Court's opinion and instruction in Worldwide Door III, the Court once again ordered a remand. Id., Slip Op. 22-91 at 19-22, 2022 Ct. Intl. Trade LEXIS 93, at *20-23.

On September 9, 2022, the Department issued its Third Remand Results (ECF No. 101-1) (Third Remand P.R. 4).

## II. THE DEPARTMENT FULLY COMPLIED WITH THE COURT'S REMAND ORDER AND DETERMINES THAT THE DOOR THRESHOLDS ARE FINISHED MERCHANDISE EXCLUDED FROM THE ORDERS' SCOPE

In the Third Remand Results, the Department continues to find that Worldwide's Door Thresholds are excluded from the Orders as finished merchandise.  See Third Remand Results at 13-16 (ECF No. 101-1) (Third Remand P.R. 4).  First, the Department made two critical findings of fact with respect to Worldwide's Door Thresholds: namely, that Worldwide's Door Thresholds are (1) fully assembled and completed at the time of entry and (2) contain extruded aluminum and non-aluminum extruded components.  These factual determinations are supported by substantial evidence in the record, not contradicted ay any evidence in the record, and therefore entitled to both deference and affirmation by the Court.  Second, based on those factual findings, the Department correctly concluded that "Worldwide's entire door thresholds— including both the extruded aluminum and non-extruded aluminum parts—are excluded, on remand, from the scope of the Orders under the finished merchandise exclusion."  Id. at 15-16.  As the Department's determination is supported by substantial evidence on the record and is otherwise in accordance with law, the Court should sustain the Third Remand Results.

### A. The Department Made Findings of Fact that Justify the Application of the "Finished Merchandise" Exclusion to Worldwide's Door Thresholds

In the Third Remand Results, the Department made findings of fact that are supported by substantial evidence in the record and should be sustained by the Court.  In order to find that any goods are excluded from the scope of the Orders under the finished merchandise exclusion, the Department must make two essential findings of fact, on the basis of the record assembled before the agency.  Specifically, the Department must find that the imported merchandise contains aluminum extrusions as parts, and also contains some non-extruded aluminum components.  The Department must also find that the imported merchandise is "fully and permanently assembled

and completed at the time of entry." These are factual questions which the Department must decide, taking into account the record compiled during the administrative proceeding. Once made, a factual determination by the Department is entitled to considerable deference, and must be upheld if supported by substantial evidence in the record. 19 U.S.C. § 1516a(b)(1)(B)(i); United States Steel Group v. United States, 96 F.3d 1352, 1356-57 (Fed. Cir. 1996).

In this case, the Department correctly found that Worldwide's Door Thresholds contain both aluminum extrusions "as parts," plus additional non-extruded aluminum components. This finding of fact is supported by substantial evidence in the record, and should be sustained by the Court. The Department cites record evidence indicating that the aluminum cap and aluminum cover in Worldwide's Door Thresholds are both extruded, and Worldwide's Door Thresholds contain non-aluminum components, including "synthetic plastic polymers such as polyvinyl chloride (PVC), polyethylene, polyurethane, polypropylene or thermoplastic elastomer, wood, and stainless steel." Id. at 14 (citing Worldwide's Scope Ruling Request, and various supplemental responses filed by Worldwide during the administrative proceeding).

Additionally, the Department correctly found that Worldwide's Door Thresholds are fully and permanently assembled and completed at the time of entry. The Department found that the record in this case contains evidence that Worldwide's Door Thresholds are "fully assembled at the time of entry, complete with all of the necessary components to be ready for installation within a door frame, or residential or commercial building without any further finishing or fabrication," and "could not identif[y] any information specific to Worldwide's door thresholds that would contradict this characterization" beyond general information indicating that multi-component door thresholds *can*, at times, be subject to cutting and fabrication after importation. Id. at 14-15. Based on its thorough review of the record evidence, the Department made a

finding of fact that "the record does not support the conclusion that Worldwide's specific door thresholds require cutting or fabrication after importation into the United States." Id. at 15. This finding of fact is supported by substantial evidence in the record and should be sustained by the Court.

> **B.    The Department's Legal Conclusion that Worldwide's Door Thresholds are Excluded from the Scope of the Orders as Finished Merchandise Should be Sustained**

Having made findings of fact that are supported by abundant record evidence, and not contradicted by any additional evidence on the record, the Department reached a correct conclusion of law in determining that Worldwide's Door Thresholds are excluded from the Orders' scope as finished merchandise. Worldwide respectfully urges the court to sustain both the Department's underlying factual findings, and this legal conclusion, as applicable to Worldwide's Door Thresholds.

### III.   CONCLUSION

For the foregoing reasons, the Court should sustain the Third Remand Results.

                                        Respectfully submitted,

                                        /s/ John M. Foote
                                        JOHN M. FOOTE
                                        KELLEY DRYE & WARREN, LLP
                                        3050 K Street, N.W., Suite 400
                                        Washington, D.C.  20007
                                        (202) 342-8400

                                        Counsel to Worldwide Door Components, Inc.

Dated: September 26, 2022

CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES

Pursuant to the Court of International Trade Standard Chambers procedures, counsel for Plaintiff Worldwide Door Components, Inc. certifies that these Comments in Support of the U.S. Department of Commerce's redetermination on remand contain 1,718 words, including footnotes, tables, and charts. The word count certification is made in reliance on the word-count feature contained in Microsoft Word Office 2016.

Respectfully submitted,

/s/ John M. Foote
JOHN M. FOOTE
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400

Counsel to Plaintiff Worldwide Door Components, Inc.

Dated:  September 26, 2022