IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WORLDWIDE DOOR COMPONENTS, INC.,**<br>           **Plaintiff,**<br>    v.<br>**UNITED STATES,**<br>           **Defendant,**<br>    and<br>**ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE and ENDURA PRODUCTS, INC.,**<br>           **Defendant-Intervenors.** | Before: Hon. Timothy C. Stanceu,<br>              Senior Judge<br>Court No. 19-00012 |

**DEFENDANT-INTERVENORS' COMMENTS ON FINAL RESULTS OF THIRD REDETERMINATION PURSUANT TO COURT REMAND**

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Elizabeth S. Lee, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Aluminum Extrusions Fair Trade Committee and Endura Products, Inc.*

**Dated: September 26, 2022**

Ct. No. 19-00012

On behalf of Defendant-Intervenors Aluminum Extrusions Fair Trade Committee and Endura Products, Inc. (collectively, "Defendant-Intervenors"), we respectfully submit the following comments on the September 9, 2022 third remand redetermination issued by the U.S. Department of Commerce ("Commerce"). *See* Final Results of Redetermination Pursuant to Ct. Remand (Sept. 9, 2022), ECF No. 101-1 ("Third Remand Results"). This action arises out of Commerce's final scope ruling finding that certain door thresholds imported by Plaintiff Worldwide Door Components, Inc. ("Worldwide") fall within the scope of the antidumping and countervailing duty orders on aluminum extrusions from the People's Republic of China. *See id.* at 1; Memorandum from Michael J. Heaney, Senior Int'l Trade Compliance Analyst, AD/CVD Operations, Off. VI, through Abdelali Elouaradia, Dir., AD/CVD Operations, Off. VI, to James Maeder, Assoc. Deputy Assistant Sec'y for AD/CVD Operations, re: *Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Rulings on Worldwide Door Components Inc., MJB Wood Group Inc., and Columbia Aluminum Products Door Thresholds* (Dec. 19, 2018), AD P.R. 35,[1] CVD P.R. 35 ("Door Thresholds Scope Ruling").

Defendant-Intervenors maintain that Commerce's scope ruling finding Worldwide's door thresholds to be expressly included within the scope of these orders and given the express inclusion (regardless of whether the door thresholds are ready for use at the time of importation), the

---

[1] Documents on the public record of the scope inquiry are identified by "AD P.R." and "CVD P.R.," followed by the number assigned to the relevant document in the administrative record index filed with the Court on April 1, 2019 (*amended* on March 10, 2021). Documents on the public record of the third remand proceeding are identified by "Third AD P.R.R." and "Third CVD P.R.R.," followed by the number assigned to the relevant document in the administrative record index filed with the Court on September 23, 2022. Documents on the confidential administrative record are identified by "Third AD C.R.R." and "Third CVD C.R.R.," followed by the corresponding record number.

1

agency's determination that the "finished merchandise" exclusion is inapplicable with respect to these products was correct. *See* Door Thresholds Scope Ruling at 34-36; Def.-Intervenors' Resp. to Pl.'s Rule 56.2 Mot. for J. on the Agency R. (Oct. 9, 2019), ECF No. 43 at 13-17; Def.-Intervenors' Comments on Final Results of Redetermination Pursuant to Ct. Remand (Feb. 1, 2021), ECF No. 71 ("Defendant-Intervenors' Comments on First Remand Results") at 6-9. Notwithstanding, Commerce's first redetermination, under respectful protest, that even considering the exclusion, door thresholds are "subassemblies" within the meaning of the scope and not excludable as "finished merchandise" was also supported by substantial evidence and in accordance with law. *See* Final Results of Redetermination Pursuant to Ct. Remand (Dec. 23, 2020), ECF No. 64-1 ("First Remand Results") at 10-26; Defendant-Intervenors' Comments on First Remand Results at 9-17; Def.-Intervenors' Comments on Final Results of Second Redetermination Pursuant to Ct. Remand (Jan. 12, 2022), ECF No. 90 ("Defendant-Intervenors' Comments on Second Remand Results").

Commerce's reversal of its prior determinations, under respectful protest, to conclude that Worldwide's door thresholds are not "subassemblies" and, instead, are excluded "finished merchandise" is unsupported by substantial evidence and not in accordance with law. *See* Defendant-Intervenors' Comments on Second Remand Results; Letter from Wiley Rein LLP to Sec'y Commerce, re: *Aluminum Extrusions from the People's Republic of China: Comments on Draft Results of Redetermination* (Sept. 2, 2022), Third AD P.R.R. 3, Third CVD P.R.R. 3, Third AD C.R.R. 1, Third CVD C.R.R. 1 ("Defendant-Intervenors' Draft Remand Comments"). While Commerce's finding that Worldwide's products are "subassemblies" was sufficient to support the agency's determination that they are covered by the scope and not excluded "finished merchandise," substantial record evidence also demonstrated that these products generally require

**Ct. No. 19-00012**

further finishing and fabrication after importation and prior to use, such that the thresholds would also fail to meet the exclusion requirements in this regard. *See* Defendant-Intervenors' Draft Remand Comments at 5-8; *see also* First Remand Results at 35-37; Defendant-Intervenors' Comments on Second Remand Results. Commerce's reconsideration and conclusions in the Third Remand Results, "in light of the Court's findings," that (1) the record does not support the conclusion that Worldwide's specific door thresholds require cutting or fabrication after importation and (2) that there is not information specific to Worldwide's door thresholds that would contradict Worldwide's characterization of its products as assemblies ready for use without further processing and that cannot be cut to custom sizes without destroying the thresholds' functionality is incorrect and unsupported by substantial evidence. Third Remand Results at 14-15; Defendant-Intervenors' Draft Remand Comments at 5-8.

For the reasons discussed above and in Defendant-Intervenors' prior submissions, Commerce's original determinations finding Worldwide's products to be covered by the scope of these orders were supported by substantial evidence and in accordance with law.

                                                    Respectfully submitted,

                                                    */s/ Robert E. DeFrancesco, III*
                                                    Alan H. Price, Esq.
                                                    Robert E. DeFrancesco, III, Esq.
                                                    Elizabeth S. Lee, Esq.

                                                    **WILEY REIN LLP**
                                                    2050 M Street, NW
                                                    Washington, DC 20036
                                                    (202) 719-7000

                                                    *Counsel for Aluminum Extrusions Fair*
                                                    *Trade Committee and Endura Products, Inc.*

Dated: September 26, 2022

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Defendant-Intervenors' Comments on Final Results of Third Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 787 words.

   /s/ Robert E. DeFrancesco, III
(Signature of Attorney)

   Robert E. DeFrancesco, III
(Name of Attorney)

Aluminum Extrusions Fair Trade Committee and Endura Products, Inc.
(Representative Of)

September 26, 2022
(Date)